443 S.E.2d 183 (1994)
Ruth ARNOLD
v.
COMMONWEALTH of Virginia.
Record No. 0295-93-3.
Court of Appeals of Virginia.
April 19, 1994.
Rehearing En Banc Granted June 15, 1994.
*184 S. Gray Robinson (Jackson & Robinson, on brief), for appellant.
H. Elizabeth Shaffer, Asst. Atty. Gen. (Stephen D. Rosenthal, Atty. Gen., on brief), for appellee.
Present: BENTON, KOONTZ and WILLIS, JJ.
WILLIS, Judge.
On appeal from her conviction of credit card theft, Ruth Arnold contends that the trial court erred (1) in permitting the Commonwealth to circumvent Code § 19.2-243 by entering a nolle prosequi without notice to her and then reindicting her on an identical charge, and (2) in denying her constitutional right to a speedy trial. We find no error and affirm the judgment of the trial court.
Code § 19.2-243 provides, in pertinent part:
Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court; and if the accused is not held in custody but has been recognized for his appearance in the circuit court to answer for such offense, he shall be forever discharged from prosecution therefor if no trial is commenced in the circuit court within nine months from the date such probable cause was found.
The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:
* * * * * *
(2) By the witnesses for the Commonwealth being enticed or kept away, or prevented from attending by sickness or accident;
* * * * * *
(4) By continuance granted on the motion of the accused, or by his concurrence in such a motion by the attorney for the Commonwealth.
At a preliminary hearing held October 3, 1991, the General District Court for the City of Bristol found probable cause that Ms. Arnold aided and abetted the theft and fraudulent use of a credit card in violation of Code § 18.2-26 (sic), as charged in a warrant specifying that offense, and certified the case to the grand jury. On November 26, 1991, a grand jury indicted Ms. Arnold for feloniously obtaining a VISA credit card with the intent to use it in violation of Code § 18.2-192. The case was scheduled to be tried on December 16, 1991. On motion of the Commonwealth, with Ms. Arnold's concurrence, the trial was continued to March 4, 1992. On March 4, the Commonwealth moved for a continuance because two witnesses, who had not been subpoenaed, failed to appear. The Commonwealth's Attorney represented that one witness was hospitalized, and that he had just learned the location of the other in Tennessee. Over Ms. Arnold's objection, the trial court granted a continuance to June 4, *185 1992. On June 4, Detective McVey, who had been subpoenaed, was hospitalized and did not appear. On the Commonwealth's motion, and over Ms. Arnold's objection, the trial was continued to June 24, 1992. On that day, the trial was again continued.
The record is unclear why the trial did not commence on June 24, 1992. It does not appear that the June 24 continuance was on Ms. Arnold's motion or with her concurrence.
On June 30, 1992, on motion of the Commonwealth without notice to Ms. Arnold, the trial court entered a nolle prosequi. On August 25, 1992, the Commonwealth reindicted Ms. Arnold on the same charge. The new charge was set for trial on January 11, 1993.
On December 8, 1992, Ms. Arnold filed a motion to dismiss, asserting violation of her statutory and constitutional rights to a speedy trial. The trial court denied this motion, finding that Ms. Arnold had not been prejudiced and that no evidence had been lost. On January 11, 1993, Ms. Arnold was tried and convicted.

CODE § 19.2-243
From October 3, 1991 until January 11, 1993, Ms. Arnold was not held in custody. Therefore, Code § 19.2-243 required that trial of the charge against her be commenced within nine months, subject to the statutory exclusions.
Ms. Arnold first contends that the Commonwealth violated Code § 19.2-243 by failing to commence her trial until January 11, 1993, more than nine months after the October 3, 1991 finding of probable cause. Excluding the seventy-nine days that elapsed from December 16, 1991 until March 4, 1992 and the twenty days that elapsed from June 4, 1992 until June 24, 1992, which Ms. Arnold concedes are not chargeable to the Commonwealth, four hundred and one days elapsed from the preliminary hearing until Ms. Arnold's trial. Ms. Arnold argues that because this passage of time far exceeds the nine months permitted by Code § 19.2-243, that statute requires dismissal of the charge against her. We disagree.
The warrant set forth a specific charge as to which probable cause was found and which was presented in the November 26, 1991 indictment. The nolle prosequi of the November 26, 1991 indictment discharged Ms. Arnold from that charge. "Under Virginia procedure, a nolle prosequi is a discontinuance which discharges the accused from liability on the indictment to which the nolle prosequi is entered." Miller v. Commonwealth, 217 Va. 929, 935, 234 S.E.2d 269, 273 (1977), cert. denied, 434 U.S. 1016, 98 S.Ct. 735, 54 L.Ed.2d 762 (1978). Thus, the nolle prosequi of June 30, 1992 terminated the charge set forth in the November 26, 1991 indictment, into which the charge specified in the warrant had been merged. This was done within nine months of the preliminary hearing.
A new indictment is a new charge, distinct from the original charge or indictment. "`[W]hen an original indictment is supplanted by a second indictment, the terms contemplated by [Code § 19.2-243] are to be counted from the time of the second indictment.' " Presley v. Commonwealth, 2 Va. App. 348, 350, 344 S.E.2d 195, 196 (1986) (quoting Brooks v. Peyton, 210 Va. 318, 322, 171 S.E.2d 243, 246 (1969)). See also Miller, 217 Va. at 934, 234 S.E.2d at 273. Because the August 25, 1992 indictment was tried on January 11, 1993, within nine months, Code § 19.2-243 was satisfied.
The nolle prosequi of the November 26, 1991 indictment laid to rest that indictment and the underlying warrant without disposition, as though they had never existed. The slate was clean until the return of the August 25, 1992 indictment. Had the Commonwealth chosen to make no charge until that time, it would have been within its rights in making that choice. The return of the August 25, 1992 indictment created a situation no different.
Ms. Arnold next contends that the Commonwealth was negligent in failing to secure the attendance of its witnesses and that the nolle prosequi was entered merely to deny her right to a speedy trial. The record does not support this contention.
The record discloses that two witnesses, young girls, moved their residences during the course of the original prosecution and *186 that the Commonwealth had difficulty locating those witnesses. One of those witnesses and the investigating police officer were hospitalized. Each incident of sickness required a continuance. The continuance from March 4, 1992 to June 4, 1992 was longer than necessary. However, the record discloses no basis for finding that this resulted from unfair or oppressive tactics by the Commonwealth or from any reason other than honest perceptions of scheduling requirements. Likewise, the continuance from June 4, 1992 to June 24, 1992 was longer than necessary. However, this continuance was but for twenty days, and the record discloses no basis for finding that the sufficiency of a lesser delay was apparent at the time the June 24, 1992 date was set. In any event, Ms. Arnold does not, in this appeal, contest the granting of the continuances. She merely asserts the delays as violative of her statutory and constitutional speedy trial rights.
The Commonwealth entered its nolle prosequi in the face of difficulty in securing the attendance of its witnesses and in an effort to preserve a serious criminal charge under the rule of Presley. The record suggests no oppressiveness or unfair trial tactic.

THE CONSTITUTIONAL RIGHT
Ms. Arnold next contends that the trial court violated her constitutional right to a speedy trial. We disagree. To determine whether a defendant's constitutional right to a speedy trial has been violated, we must evaluate the conduct of both the Commonwealth and the defendant by considering four factors: "`(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right [to a speedy trial]; and (4) prejudice to the defendant.'" Kelley v. Commonwealth, ___ Va.App. ___, 439 S.E.2d 616, 618-19 (1994) (citing Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972)).
The fourteen month delay from Ms. Arnold's initial indictment to her trial requires us to address the three additional factors listed in Kelley.
First, we must examine the reason for the delay by determining "`what [part of the delay] was attributable to the defendant and,... what part of any delay attributable to the [Commonwealth] was justifiable.'" Id. (quoting Fowlkes v. Commonwealth, 218 Va. 763, 767, 240 S.E.2d 662, 664 (1978)).
The first delay was a continuance from December 16, 1991 to March 4, 1992. This delay should not be attributed to the Commonwealth because Ms. Arnold concurred. See Williamson v. Commonwealth, 13 Va.App. 655, 658, 414 S.E.2d 609, 610 (1992).
The next two continuances, from March 4, 1992 to June 4, 1992 and from June 4, 1992 to June 24, 1992, were caused by the failure of two of the Commonwealth's witnesses to appear due to illness. Barker v. Wingo, 407 U.S. 514, 536, 92 S.Ct. 2182, 2195, 33 L.Ed.2d 101 (1972). Although the sickness of important witnesses justified the continuances, the record sets forth no reason for the length of delay from March 4, 1992 to June 4, 1992, and that delay appears excessive. The Commonwealth was obliged to bring Ms. Arnold to trial with reasonable promptness. It failed to do so. However, this was not due to bad faith or oppressive trial tactics, but rather to difficulty in locating witnesses and to sickness of witnesses.
The delay from June 24, 1992 to June 30, 1992 should count against the Commonwealth. The delay from June 30, 1992 to August 25, 1992, based upon the Commonwealth's need to secure its witnesses and to prepare its case for further prosecution, should not count against the Commonwealth. The delay from August 25, 1992 to January 11, 1993, based on scheduling with the concurrence of Ms. Arnold, should not count against the Commonwealth.
Upon consideration of the various delays and the reasons for those delays, we find that the delay from October 3, 1991 to January 11, 1993 should count but slightly against the Commonwealth.
Next, we consider whether Ms. Arnold asserted her right to a speedy trial. We find that she did. She objected to the continuances of March 4 and June 4, 1992. She was not given notice of the motion for nolle prosequi. She moved for a dismissal with *187 reasonable promptness as soon as she could be certain that the statutory time had elapsed.
Finally, in considering the fourth factor, prejudice, we look to three interests that the Supreme Court has identified as protected by the Sixth Amendment speedy trial right. These are: "(1) preventing oppressive pretrial incarceration; (2) minimizing the accused's anxiety; and (3) limiting the possibility that the defense will be impaired." Kelley, ___ Va.App. at ___, 439 S.E.2d at 620 (citing Barker, 407 U.S. at 532, 92 S.Ct. at 2193). Ms. Arnold was not incarcerated. Although she claims that she suffered anxiety due to the delay, the record discloses that she showed no great interest in a speedy resolution of her case. Finally, she makes no claim that her defense was impaired, other than that the delay allowed a prosecution witness to testify against her. She demonstrated no actual prejudice. We will not speculate that her defense was impaired. See United States v. Loud Hawk, 474 U.S. 302, 315, 106 S.Ct. 648, 656, 88 L.Ed.2d 640 (1986). We find that Ms. Arnold suffered no prejudice by the delay.
Summarizing our findings under the four-part test developed in Barker, we hold: (1) the length of delay requires investigation into the reasons for delay; (2) the Commonwealth should have brought the case to trial sooner but bears only slight responsibility for its failure to do so; (3) Ms. Arnold was not tardy in asserting her speedy trial right; and (4) Ms. Arnold suffered no prejudice by the delay. Balancing these findings, we hold that Ms. Arnold was not denied her Sixth Amendment right to a speedy trial.
For these reasons, we affirm the trial court's decision.
Affirmed.
BENTON, Judge, dissenting.
Fifteen months elapsed from the preliminary hearing until Arnold's trial. Under the circumstances of this case, neither the time from the nolle prosequi to the reindictment nor the time from the reindictment to trial should be excluded from the computation of time for purposes of the speedy trial statute. Because the trial was not commenced within the nine month period mandated by Code § 19.2-243, the conviction should be reversed and the indictments should be dismissed.
On October 3, 1991, a judge of the general district court found probable cause. The original indictment was issued on November 26, 1991. Following the initial scheduling of the trial for December 16, 1991, Arnold concurred in a continuance of the trial to March 4, 1992. Over Arnold's objection, the trial judge granted two continuances requested by the Commonwealth and scheduled the trial for June 4, 1992, and then for June 24, 1992.
On June 24, 1992, the trial did not occur. When the trial commenced in January of 1993, Arnold's counsel represented to the trial judge that on June 23, 1992, the day before the trial was to occur, the Commonwealth's attorney left a message at his office "advising that the case would not be tried the next day." The trial judge responded, "I, simply, don't recall" why the trial did not occur. The record contains no order or explanation for the failure to hold the trial on June 24, 1992. In the absence of any order or explanation by the trial judge, this Court can only conclude that the trial was continued generally without a specified date and without any reason. Such a circumstance is not chargeable to Arnold. See Woodard v. Commonwealth, 214 Va. 495, 499, 201 S.E.2d 785, 788 (1974).
Six days following the scheduled trial date, the trial judge entered "an order of nolle prosequi" upon motion of the Commonwealth. The Commonwealth failed to give notice to Arnold that a nolle prosequi request would be made. Moreover, in the absence of notice to Arnold and in Arnold's absence, the trial judge entered the order. The record contains no explanation for either the failure to give Arnold notice or the necessity to enter the order without notice to Arnold.
Although Code § 19.2-265.3 grants the trial judge discretionary authority to enter a nolle prosequi, the statute requires a showing of "good cause." The record, however, does not establish that the Commonwealth made such a showing. The Commonwealth did not file a written motion in which reasons *188 were cited for granting a nolle prosequi. Furthermore, the record does not contain any indication that a hearing was held when the trial judge entered the order of nolle prosequi. The order merely states, in pertinent part, that "[o]n motion of the Attorney for the Commonwealth, and for good cause shown, an order of nolle prosequi is entered in this case."
On the morning of the trial, six and a half months after the nolle prosequi was entered, the Commonwealth's Attorney gave the following reason for seeking the order of nolle prosequi:
There was a reason for what occurred; there were several reasons for what occurred.
One continuance, as has been stated, was by agreement; another continuance when Mr. McVey was thought to have suffered, as I recall it, a heart attack, a very serious situation that we could not escape; absence of witness another occasion, and it was just a matter of trying to do our best to try to get the case tried, and being unable to do so, why, we invoked the remedy of nol-pros in order to try to take a fresh start at it.
I don't know of anything else that we could have done. We did the best that we could, and there is no reason that we had other than reasons that had effect on being able to go forward with our evidence as we knew it to exist, and such being the case we could not under such circumstances present the Commonwealth's case fairly and fully to the jury.
Being unable to do so, we were compelled to ask for a nol-pros.
The record confirms that the Commonwealth's Attorney merely wanted a "fresh start." The record does not reflect that the witness whose absence caused the Commonwealth to seek a continuance on March 4, 1992, had not been found and subpoenaed for the June 24 trial. Moreover, the record affirmatively established that the detective, whose earlier illness was the cause for the June 4 continuance, "returned to work on June 6, 1992, and was not thereafter prevented from attending trial by illness." The Commonwealth's need to make a "fresh start" is not sufficient to warrant good cause entry of an order of nolle prosequi.
"[I]nadvertence or dereliction [may not be invoked as reasons] to circumvent the legislative determination of the requirements of a speedy trial." Woodard, 214 Va. at 499, 201 S.E.2d at 788-89. The failures to conduct the trial on June 24, 1991, and to place on the record reasons for the continuance were inexcusable derelictions, as were the circumstances surrounding the entry of the order of nolle prosequi. Under the circumstances shown on this record, the order of nolle prosequi was merely a grant of a general continuance to allow a fresh start. "Nolle prosequi is no remedy for the Commonwealth's failure to properly prepare its case." Battle v. Commonwealth, 12 Va.App. 624, 631 n. 2, 406 S.E.2d 195, 198 n. 2 (1991). The reason stated for requesting the order reflect an improper motive and demonstrated that the action was calculated for the sole purpose of circumventing the mandate of Code § 19.2-243.
The decision in Presley v. Commonwealth, 2 Va.App. 348, 344 S.E.2d 195, is inapposite. In that case the Commonwealth obtained an order of nolle prosequi after the grand jury failed to indict the accused. This Court stated:
The Commonwealth submits that the limitation on prosecution imposed by Code § 19.2-243 no longer applied after the first grand jury failed to find probable cause by returning the indictment "not a true bill," and furthermore, that it necessarily follows that the nolle prosequi subsequently entered by the Commonwealth was superfluous. We agree with the Commonwealth's position and affirm the conviction.
Id. at 350, 344 S.E.2d at 196 (emphasis added).
The right to a speedy trial is meaningless if the Commonwealth without good cause may voluntarily withdraw a prosecution to obtain a "fresh start," obtain a reindictment two months later charging the same offense, and start anew the time set by the legislature for a speedy trial. To hold otherwise is to *189 violate the right granted by the legislature to a speedy trial. I dissent.

UPON A PETITION FOR REHEARING EN BANC BEFORE THE FULL COURT
On May 3, 1994 came the appellant, by court-appointed counsel, and filed a petition praying that the Court set aside the judgment rendered herein on April 19, 1994 and grant a rehearing en banc thereof.
On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on April 19, 1994 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.
The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellant shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.