COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Willis and Fitzpatrick
Argued at Alexandria, Virginia


DAVID CARDWELL

v.      Record No. 0091-96-4

COMMONWEALTH OF VIRGINIA                  MEMORANDUM OPINION[*] BY
                                        JUDGE JOHANNA L. FITZPATRICK
DAVID CARDWELL                              FEBRUARY 18, 1997

v.      Record No. 0097-96-4

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                       Donald M. Haddock, Judge

            Kevin T. Gaynor, Assistant Public Defender,
            for appellant.

            Michael T. Judge, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            briefs), for appellee.


        David Cardwell (appellant) was indicted for two counts of

obtaining property by false pretenses.[1]  The sole issue raised in

these appeals is whether appellant's constitutional right to a

speedy trial was violated.  Finding no error, we affirm both

convictions.

        The offenses occurred on April 25, 1994 and April 30, 1994

(the Alexandria charges).[2]  On May 18, 1994, appellant turned

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]We consolidate Record No. 0091-96-4 and Record No.
0097-96-4 in this appeal as the issue is identical.

[2]The record shows that the April 25 offense occurred
"between one [p.m.] and five [p.m.]."  Appellant alleged that he

himself in to Arlington County authorities on unrelated charges, and was transported to Fairfax County Adult Detention Center.  On May 24, 1994, while incarcerated, appellant was served with two warrants for obtaining property by false pretenses in Alexandria. Appellant allegedly made requests for a speedy trial on these charges, but received no response.  Appellant was convicted, sentenced, and began serving time on his Fairfax County and Prince William County charges while in jail.

On or about July 17, 1995, appellant was transported to the Alexandria Adult Detention Center.  Soon thereafter, the grand jury indicted appellant for two counts of obtaining property by false pretenses in violation of Code § 18.2-178.  On October 26, 1995, the trial court denied appellant's pretrial motion to dismiss, which claimed that his constitutional right to a speedy trial had been violated.  The trial court found that appellant failed to establish any prejudice caused by the delay:

> I'm not at all satisfied that, even in October, that these supposed witnesses were available, and could be found.
>
> But I'm further satisfied that the prejudice claimed has not been proven, because there has been no showing that a

was a patient at the Northern Virginia Mental Institute in Falls Church, Virginia, and he did not leave the institute until April 26, 1994.  However, notations in appellant's file at the hospital indicate that he left the institute with an authorized pass for a job interview on April 25, 1994, from 10:15 a.m. to 3:30 p.m. Additionally, appellant lived in a locked ward that required a key to enter and leave.  To leave the institute, appellant was required to have an authorized pass, and a staff member was required to unlock the door and record his exit and entry times.

current effort has been made to locate any of these people, and that that effort was unsuccessful.

You all just want me to take on faith that, because he wrote a letter, and it said "moved, no return address," or because he wrote a letter, and they said they wouldn't give him information about patients that, therefore, these people cannot be located.

But you have not set before me any proof, at this time, that an effort has currently been made, and that the Defendant is, in fact, prejudiced.

The court denied appellant's motion, and the case proceeded to a bench trial on November 3, 1995. Following the trial, the court found appellant guilty of both charges and on December 21, 1995, sentenced appellant to two concurrent one-year sentences in prison, to run consecutively with the sentences imposed in other jurisdictions.

"Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Riddick v. Commonwealth, 22 Va. App. 136, 139-40, 468 S.E.2d 135, 136 (1996).

"'The determination of whether an accused has been denied the constitutional right to a speedy trial requires "a difficult and sensitive balancing process" in which the court examines on an ad hoc basis the conduct of both the state and the accused which led to a delay in prosecution.'" Jefferson v. Commonwealth, Record No. 2943-95-1, slip op. at 5 (Va. Ct. App.

Dec. 31, 1996) (quoting Kelley v. Commonwealth, 17 Va. App. 540, 544, 439 S.E.2d 616, 618 (1994)). Each constitutional speedy trial allegation must be decided on a case-by-case basis, and four factors must be considered in evaluating a speedy trial claim: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the prejudice to defendant. See Barker v. Wingo, 407 U.S. 514 (1972); Riddick, 22 Va. App. at 136, 468 S.E.2d at 139; Jefferson, Record No. 2943-95-1, slip op. at 5-6 (Va. Ct. App. Dec. 31, 1996); and Arnold v. Commonwealth, 18 Va. App. 218, 443 S.E.2d 183, aff'd, 19 Va. App. 143, 450 S.E.2d 161 (1994) (en banc).

Appellant argues on appeal that the fourteen-month delay between the execution of the Alexandria arrest warrants and his transfer from Fairfax to Alexandria for trial violated his constitutional right to a speedy trial. He asserts that no portion of the delay was attributable to him and that the delay prejudiced him. Specifically, appellant alleges that because of the delay, he was unable "to locate or interview witnesses" and "was deprived of witnesses material to his case." He also speculates that, due to the delay, he "lost the opportunity of potentially serving fully concurrent sentences" and that he was prevented from "earning accelerated penitentiary time credit." Accordingly, we evaluate the Barker factors to determine whether the delay unduly prejudiced appellant and violated his speedy

4

trial right.

The first factor, the length of the delay, is the mechanism that triggers an examination of the remaining considerations. Riddick, 22 Va. App. at 136, 468 S.E.2d at 139.  "Unless there is delay which is presumptively prejudicial, it is unnecessary to inquire as to the other factors."  Sheard v. Commonwealth, 12 Va. App. 227, 231, 403 S.E.2d 178, 180 (1991) (citing Barker, 407 U.S. 514).  In the instant case, appellant was served with the Alexandria warrants on May 24, 1994 while incarcerated for unrelated charges committed in Fairfax County and Prince William County.  The Commonwealth proffered to the court that generally it did not, for "policy" reasons and pursuant to the "preference of the Public Defender," "institute those proceedings until foreign jurisdictions are done."  Therefore, the Commonwealth argued, it could not institute the Alexandria proceedings until the conclusion of the Fairfax County and the Prince William County proceedings.  Although these proceedings concluded in September 1994 and November 1994 respectively, appellant was not transferred to Alexandria until July 17, 1995, and he was not indicted for the Alexandria offenses until September 5, 1995. Regarding the period from November to July, the Commonwealth conceded that there was "no articulable reason . . . why proceedings were not instituted" in Alexandria.  Based on this record, an "inquiry into the other factors that go into the

balance" is necessary.  <u>Barker</u>, 407 U.S. at 530.[3]

The Commonwealth argues that the second factor, the reason for the delay, was "simple negligence" and appellant shares the blame for the delay due to his prosecution for unrelated charges during his incarceration.  We disagree.  "The Commonwealth was obliged to bring [appellant] to trial with reasonable promptness.  It failed to do so."  <u>Arnold</u>, 18 Va. App. at 223, 443 S.E.2d at 186.  Thus, we conclude that "administrative derelictions 'nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.'"  <u>Fowlkes v. Commonwealth</u>, 218 Va. 763, 768, 240 S.E.2d 662, 665 (1978) (quoting <u>Barker</u>, 407 U.S. at 531)).  Although we attribute the delay to the Commonwealth's lack of diligence, this is less onerous than a deliberate or malicious motive on the part of the prosecutor.  <u>See</u> <u>Jefferson</u>, Record No. 2943-95-1, slip op. at 7, (Va. Ct. App. Dec. 31, 1996).

The third factor, appellant's assertion of his right to a speedy trial, is disputed.  Assuming without deciding that the evidence supported appellant's allegation that he asserted his right to a speedy trial, it does not end the inquiry.

_____

[3]The first scheduled trial date was October 19, 1995. Appellant concedes that the delay from October 19, 1995 to November 3, 1995 is attributable to him because he requested a continuance.  However, the length of the remainder of the delay requires us to address the remaining three factors listed in <u>Barker</u>.

While appellant established the first three factors, he failed to establish the fourth factor -- prejudice. We evaluate three concerns in the analysis of prejudice: (1) preventing "oppressive pre-trial incarceration"; (2) minimizing concern and anxiety of the defendant; and (3) limiting the possibility of harming the defense. See Arnold, 18 Va. App. at 223, 443 S.E.2d at 186.

In the instant case, appellant did not experience "oppressive pre-trial incarceration." At the time appellant was served with the Alexandria warrants, he was incarcerated and awaiting adjudication on unrelated charges in Fairfax County and Prince William County. Appellant was sentenced on these charges and consequently he remained incarcerated on these other unrelated offenses. Appellant's assertions that he lost the "potential" opportunity of serving fully concurrent sentences and that he was unable to earn accelerated penitentiary time credit as a result of the delay is speculative and does not equate with "oppressive pre-trial incarceration."

Appellant next contends that he suffered anxiety due to the delay. Appellant testified that he suffered from distress, apprehension, and anxiety stemming from the unresolved Alexandria charges. He further alleges that he required medication as a result of this anxiety. However, he also testified that prior to his incarceration, he took the same or similar medication for depression, and that he was hospitalized in Northern Virginia

7

Mental Health Institute for depression and other conditions, including cocaine withdrawal, prior to his arrest on these charges.

Lastly, we consider whether the delay impaired appellant's defense. Appellant argues that the delay resulted in his inability to locate potential witnesses. We find no error in the trial court's determination that appellant failed to establish prejudice as he "made no showing that a current effort had been made to locate them." Additionally, the trial court did not find appellant's testimony credible. "The weight which should be given to evidence and whether the testimony of a witness is credible are questions the fact finder must decide." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986). The record shows that appellant did not provide his attorney with the names of any alleged witnesses, and that he made no significant efforts to locate them. Moreover, the evidence presented at trial contradicted appellant's testimony and his alibi defense. Further evidence included the identification of appellant by prosecution witnesses as the perpetrator of the crimes.

Accordingly, appellant failed to demonstrate that the delay impaired his defense or otherwise caused him prejudice. For the reasons stated, we affirm the judgments of the trial court.

Affirmed.