## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

·v.

David J. Harris

April 29, 1997

Case No. (Criminal) 10491

BY JUDGE THOMAS D. HORNE ·

Counsel for the defendant has moved for the dismissal of the instant two count indictment based upon his having been deprived of his statutory and constitutional rights to a speedy trial. The Court finds that it must deny the motion. With respect to the application of the provisions of § 19.2-243, the Commonwealth's nolle prosequi of the original indictment "laid to rest" that indictment "as though it never had existed." *Arnold v. Commonwealth*, 18 Va. App. 218, 222, *aff'd en banc* 19 Va. App. 143 (1994). When the Court considers the commencement date for the running of the nine months provided for by the statute, it must count that period beginning with the return of the instant indictment. In thus calculating the time elapsed from the return by the grand jury of the instant indictment to the present day, it is clear that the nine months have not run so as to bar the prosecution of these two charges.

The Court can find no basis for a due process claim, as the record is devoid of evidence of an improper motive or prosecutorial vindictiveness in having elected to nolle prosequi the original charge or in electing to seek the later indictment for the same offense. Cf. *Battle v. Commonwealth*, 12 Va. App. 624 (1991). The defendant contends that he had been deprived of his constitutional right to a speedy trial in violation of the protections afforded him by the Sixth Amendment of the United States Constitution and Article 1, Section 8, of the Constitution of Virginia. An evaluation of these claims involves a consideration of the "length of the delay, the reason for the delay, the defendant's assertion of the right [to a speedy trial], and prejudice to the

defendant." *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); *Riddick v. Commonwealth*, 22 Va. App. 136, 144 (1996). The evidence before the Court, when scrutinized by these factors, does not justify the conclusion that any such deprivation has occurred.