COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Overton and Senior Judge Duff
Argued at Alexandria, Virginia


DAVID J. HARRIS
                                    MEMORANDUM OPINION* BY
v.          Record No. 2087-97-4    JUDGE RICHARD S. BRAY
                                      OCTOBER 20, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                  Carleton Penn, Judge Designate

        Alexander N. Levay (Michael D. Sawyer;
        Moyes & Levay, on briefs), for appellant.

        Leah A. Darron, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


    On July 29, 1997, David J. Harris (defendant) entered a

conditional plea of guilty to an indictment alleging an attempt

to obtain money by false pretenses.  He complains on appeal that

the trial court erroneously permitted the Commonwealth to <u>nolle

prosequi</u> a prior indictment for the same offense, without first

demonstrating the "good cause" required by Code § 19.2-265.3,

resulting in a violation of his statutory and constitutional

rights of speedy trial.  Finding no error, we affirm the

conviction.

    The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to

disposition of the appeal.

---

*Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

At a preliminary hearing on January 23, 1996, the Loudoun County General District Court found probable cause that defendant had obtained money by false pretenses.  Accordingly, defendant was indicted on February 12, 1996, for that offense as well as the subject charge, and trial was scheduled for September 3, 1996.  On August 22, 1996, the Commonwealth appeared before the trial court and requested a continuance, arguing that tardy responses to subpoenas for documents "essential" to the prosecution necessitated the delay.  In denying the motion, the court concluded that the Commonwealth "should have started [the subpoena] process" earlier and would "have to live with" the consequences.[1]  The Commonwealth then immediately moved the court to nolle prosequi the indictments, and the court granted the motion, despite defendant's objection.

On October 15, 1996, a grand jury directly indicted defendant for the identical offenses, and he was arrested November 1, 1996.  On March 31, 1997, defendant filed a motion to dismiss the indictments, arguing, inter alia, that the Commonwealth had circumvented his statutory and constitutional rights of speedy trial through the nolle prosequi of the original charges without the "good cause" mandated by Code § 19.2-265.3.[2]

_____

[1]The record indicates that the issuance of subpoenas began in May, 1996, and concluded in July, 1996.

[2]We find no merit in the Commonwealth's argument that defendant failed to properly present this issue to the trial court.

The trial court denied defendant's motion, finding "the record

. . . devoid of evidence of improper motive or prosecutorial

vindictiveness in . . . [the] nolle prosse [of] the original

charge or in electing to seek the later indictment for the same

offense."  Trial and conviction followed on July 29, 1997, and

defendant appeals.

## STATUTORY SPEEDY TRIAL

It is well established that, absent prosecutorial

misconduct, a <u>nolle</u> <u>prosequi</u> is "'a discontinuance which

discharges the accused from liability on the indictment to which

the [order] is entered.'"  <u>Arnold v. Commonwealth</u>, 18 Va. App.

218, 221, 443 S.E.2d 183, 185, <u>aff'd en banc</u>, 19 Va. App. 143,

450 S.E.2d 161 (1994) (citation omitted); <u>see</u> <u>Battle v.</u>

<u>Commonwealth</u>, 12 Va. App. 624, 631, 406 S.E.2d 195, 198 (1991).

Therefore, the <u>nolle</u> <u>prosequi</u> of an indictment puts "to rest that

indictment . . . without disposition, as though [it] had never

existed."  <u>Arnold</u>, 18 Va. App. at 222, 443 S.E.2d at 185.  "When

the Commonwealth subsequently [brings] a new indictment, it [is]

'a new charge, distinct from the original charge . . . .'"

<u>Watkins v. Commonwealth</u>, 27 Va. App. 473, 475, 499 S.E.2d 589,

590 (1998) (<u>en</u> <u>banc</u>) (quoting <u>Arnold</u>, 18 Va. App. at 221, 443

S.E.2d at 185).

Code § 19.2-265.3 provides, in pertinent part, that a

"[n]olle prosequi shall be entered only in the discretion of the

court, upon motion of the Commonwealth with good cause therefor

- 3 -

shown."  Accordingly, we review an order granting a <u>nolle prosequi</u> only for abuse of discretion, a strict legal term defined as a "clearly erroneous conclusion and judgment." <u>Black's Law Dictionary</u> 10 (6th ed. 1990) (citations omitted). "'[T]he discretion of the able, learned and experienced trial judge . . . will not be interfered with upon review of this Court, unless some injustice has been done.'"  <u>Bell v. Kirby</u>, 226 Va. 641, 643, 311 S.E.2d 799, 800 (1984) (citation omitted).  We, therefore, reverse only upon "clear evidence that [the decision] was not judicially sound" and not simply to substitute our "discretion for that rendered below."  <u>Nat'l Linen Serv. v. Parker</u>, 21 Va. App. 8, 19, 461 S.E.2d 404, 410 (1995).

Here, it is uncontroverted that the Commonwealth had not obtained documents indispensable to prosecution of defendant on the scheduled trial date.  The Commonwealth's dilemma was fully disclosed to the court in support of the related continuance motion.  When the motion was denied, the Commonwealth quickly sought to <u>nolle prosequi</u> the charges, clearly prompted by those evidentiary concerns presented to the court moments earlier. Acting in this context, the court granted the motion, implicitly finding that the circumstances constituted sufficient "good cause" to justify the requested relief.

Defendant's argument on appeal that the denial of the Commonwealth's continuance motion precluded the later finding of good cause in support of the <u>nolle prosequi</u> overlooks the

differences between the remedies.  Unlike a continuance, the nolle prosequi terminated the prosecution and released defendant from the restraint of arrest or other criminal process, a result substantially more favorable to him and prejudicial to the Commonwealth.

Defendant relies on Battle to support his contention that taint inherent in the nolle prosequi of the original prosecution infected the later indictment.  12 Va. App. 624, 406 S.E.2d 195. However, in Battle, the Commonwealth clearly acted vindictively, threatening to nolle prosequi pending charges and indict the accused for more serious offenses unless he withdrew a well-founded motion to suppress.  See Battle, 12 Va. App. at 630, 406 S.E.2d at 198.  Under such circumstances, this Court decided that the Commonwealth could not threaten a nolle prosequi as "a sword to force a defendant to relinquish an advantage obtained by a favorable judicial ruling."  Id.  Here, the Commonwealth sought the nolle prosequi because it was unable to properly prosecute the original indictment,[3] without suggestion of unfair or oppressive tactics.

Thus, the disputed conviction attended an indictment which supplanted the original indictment and the time constraints prescribed by Code § 19.2-243 related only to the later indictment, resulting in a timely commencement of trial on July

_____
[3]Defendant's allegations of misconduct by the Commonwealth during the prosecution of the second indictment are unrelated to the court's good cause determination in the original proceeding.

29, 1997.[4]

CONSTITUTIONAL RIGHT TO SPEEDY TRIAL

Lastly, defendant argues that the misconduct of the Commonwealth, beginning with the "purposeful act requesting to nolle prosequi to defeat defendant's right to a speedy trial . . . without any showing of good cause," together with "improper motive" and "bad faith," defeated his constitutionally protected right to a speedy trial.  However, consistent with our analysis and rejection of defendant's statutory speedy trial challenge, we, likewise, reject his constitutional claim.

In adjudicating a constitutional speedy trial issue, "[t]he length of the delay is the 'triggering mechanism' for [the] analysis."  Kelley v. Commonwealth, 17 Va. App. 540, 544, 439 S.E.2d 616, 619 (1994) (quoting Barker v. Wingo, 407 U.S. 514, 530 (1972)).  "Unless there is sufficient delay to be 'presumptively prejudicial, there is no necessity for [further] inquiry . . . .'"  Id.  Thus, an accused "must establish that, under the particular circumstances of his case, the length of the delay presumptively 'was so detrimental as to have endangered his right to a fair trial.'"  Kelley, 17 Va. App. at 545, 439 S.E.2d at 619.  An accused unaided by such presumption must demonstrate actual prejudice.  See Arnold, 18 Va. App. at 224, 443 S.E.2d at 187.

---

[4]Defendant was not "held in custody" awaiting trial, and compliance with Code § 19.2-243 is an issue on appeal only if the original proceedings are implicated in the speedy trial analysis.

Here, defendant's trial was delayed from the date of arrest on the subject indictment, November 1, 1996, until trial on July 29, 1997, and, therefore, comported with the mandate of Code § 19.2-243.  "'Code § 19.2-243 is the statutory embodiment of the constitutional right to a speedy trial'" and "[a] process which results in a trial on the merits within the statutorily described time does not support a presumption of prejudice."  Sheard v. Commonwealth, 12 Va. App. 227, 231, 403 S.E.2d 178, 180 (1991) (citation omitted).  Thus, defendant, without the benefit of the presumption or a showing of actual prejudice, failed to establish the circumstances indispensable to a Sixth Amendment speedy trial analysis.

Accordingly, defendant was denied neither his statutory nor constitutional rights of a speedy trial, and we affirm the conviction.

Affirmed.