COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Willis and
          Senior Judge Overton
Argued at Alexandria, Virginia


ROSEMBERG BATRES-JURADO
                                    MEMORANDUM OPINION* BY
v.   Record No. 0375-00-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        JANUARY 30, 2001
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                 Jean Harrison Clements, Judge

        Bonnie H. Hoffman, Assistant Public Defender
        (Office of the Public Defender, on briefs),
        for appellant.

        Shelly R. James, Assistant Attorney General
        (Mark L. Earley, Attorney General; Susan M.
        Harris, Assistant Attorney General, on
        brief), for appellee.


    Rosemberg Batres-Jurado (appellant) appeals the denial of a

pretrial bond pursuant to Code § 19.2-120.  He raises four issues

on appeal.  Appellant argues:  1) the statutory presumptions set

forth in Code § 19.2-120 violate the constitutional guarantee

against excessive bail; 2) the statute is void for vagueness; 3)

the statute is arbitrary and irrational; and 4) appellant

presented sufficient evidence to rebut the presumption under the

statute.  Because we find his case moot, we dismiss the appeal.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.

Appellant was charged with two counts of rape and one count of abduction with intent to defile. Appellant's counsel requested that pretrial bond be set by the Juvenile and Domestic Relations District Court of Loudoun County (J&DR). The J&DR court denied bond, and appellant appealed to the trial court which again denied pretrial bond. Appellant appealed that decision to this Court. After the filing of the appeal, appellant was indicted by the grand jury and bond was set at $20,000 personal recognizance and appellant was released. During the pendency of the appeal and after appellant was released, the Commonwealth's attorney nolle prosequied appellant's charges.

The issues in this case are mooted by the dismissal of the charges by nolle prosequi. "When the trial court enters a nolle prosequi of an indictment, it lays 'to rest that indictment and the underlying warrant without disposition, as though they had never existed.'" Burfoot v. Commonwealth, 23 Va. App. 38, 44, 473 S.E.2d 724, 727 (1996) (quoting Arnold v. Commonwealth, 18 Va. App. 218, 222, 443 S.E.2d 183, 185, aff'd en banc, 19 Va. App. 143, 450 S.E.2d 161 (1994)). "After a nolle prosequi of an indictment, the slate is wiped clean, and the situation is the same as if 'the Commonwealth had chosen to make no charge.'" Id. It is as if the appellant had never been charged and thus, all issues presented are moot.

-

II.

Additionally, appellant contends that even if his case is moot, we must address his arguments because this is a situation that is "capable of repetition yet evading review." Weinstein v. Bradford, 423 U.S. 147, 148 (1975). Weinstein provides a two prong test to determine if a situation meets that standard. Issues that are moot will be heard only if: (1) the time for resolving the overall case is too short to litigate the issue; and (2) it is reasonable to expect that the defendant will be subject to the same action in the future. Id. at 149.

Appellant fails to establish that he may be subject to the same action in the future. No evidence showed any intent to recharge appellant. The nolle prosequi of the underlying charges disposed of the case and placed appellant in the same position as any other person who may potentially commit a crime. Based on the limited information presented during the motion to nolle prosequi all charges against appellant, it does not appear there is any "reasonable expectation or demonstrated probability that the same controversy will recur involving the same complaining party." Murphy v. Hunt, 455 U.S. 478, 482 (1982).

We find this case to be moot and not subject to the Weinstein exception. Accordingly, we dismiss.

Dismissed.

-