## Salem

DONALD LEE PRESLEY

v.

COMMONWEALTH OF VIRGINIA

No. 0535-85

Decided May 20, 1986

COUNSEL

Thomas G. Baker, Jr., for appellant.

Leah A. Darron, Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Appellant was convicted of possession of a controlled substance while an inmate in a state penal institution. He contends that his conviction should be reversed and dismissed because he was denied his statutory right to a speedy trial and because he was denied due process of law when the Commonwealth's Attorney earlier obtained an order of *nolle prosequi* for the identical charge without "good cause shown."

In Virginia Code § 19.2-243, the legislature adopted standards designed to implement an accused's constitutional rights to a speedy trial.[1] Code § 19.2-243 provides, subject to exceptions not here applicable, that an accused who is held continuously in custody must be tried within five months after the finding of probable cause or within nine months from the probable cause determination if not held continuously in custody. Appellant asserts that the Commonwealth was required to bring him to trial within five months from the probable cause finding at his preliminary hearing, but failed to do so. On September 24, 1984, the general district court, upon finding probable cause, certified to the grand jury a charge against appellant alleging a violation of Code § 53.1-203(6). On November 19, 1984, the grand jury returned "not a true bill." On January 14, 1985, the Commonwealth "nol prossed" the outstanding felony warrant apparently in order to assure that the proceeding on the original charge ended after the grand jury returned no true bill. A second indictment charging the same offense was presented to the next grand jury which returned a true bill on February 19, 1985. Appellant's motion to dismiss

---

[1] "In all criminal prosecutions, the accused shall enjoy the right to a speedy trial. . . ." U.S. Const., amend. VI. "That in criminal prosecutions a man has a right . . . to a speedy and public trial. . . ." Va. Const., art. I, § 8.

the indictment based upon the failure of the Commonwealth to grant a speedy trial was overruled. On April 9, 1985, he was tried before a jury and found guilty of the charge. During the six and one half month period between the finding of probable cause on the first charge and the trial on the second indictment, appellant was continuously in custody, serving time for convictions in another jurisdiction.

Appellant argues that the five month limitation in the statute applies because a finding of probable cause on the offense was first made on September 24, 1984, yet the trial on the offense for which probable cause was found was not commenced until April 9, 1985, and he was held "continuously in custody" during that period within the plain meaning of the statute. Additionally, appellant contends that the entry of the *nolle prosequi* order, which normally operates to discharge an accused from liability on the offense charged, *see Miller* v. *Commonwealth*, 217 Va. 929, 935, 234 S.E.2d 269, 273 (1977), *cert. denied*, 434 U.S. 1016 (1978), was intended only to frustrate appellant's right to a speedy trial, and, therefore, should be ignored in deciding whether the Commonwealth complied with the speedy trial statute.

■ The Commonwealth submits that the limitation on prosecution imposed by Code § 19.2-243 no longer applied after the first grand jury failed to find probable cause by returning the indictment "not a true bill," and furthermore, that it necessarily follows that the *nolle prosequi* subsequently entered by the Commonwealth was superfluous. We agree with the Commonwealth's position and affirm the conviction.

■ The predecessor statute of Code § 19.2-243 was interpreted by the Virginia Supreme Court in *Brooks* v. *Peyton*, 210 Va. 318, 171 S.E.2d 243 (1969), and *Miller* v. *Commonwealth*, 217 Va. 929, 234 S.E.2d 269 (1977). In *Brooks*, the petitioner was first indicted on a charge of larceny. At a trial of his accomplices, a similar larceny indictment was found to be imperfect. Thereafter, the petitioner was indicted on a charge of robbery, having never been arraigned on the first indictment. Brooks claimed his statutory right to a speedy trial was violated. The Court rejected his contention, noting that his motion was directed toward the first indictment, not the second. The Court noted that "[w]hen an original indictment is supplanted by a second indictment, the terms contemplated by the statute are to be counted from the time of

the second indictment." 210 Va. at 322, 171 S.E.2d at 246.

In *Miller*, the petitioner was first indicted on charges of first degree murder and armed robbery. Two jury trials resulted in mistrials due to hung juries. Thereafter, the Commonwealth's motion for a *nolle prosequi* was granted. A second indictment charging the *same* offenses was returned by a subsequent grand jury. Miller was tried on this indictment. Miller claimed that his statutory right to a speed trial was violated. The Court, citing *Brooks* for the proposition that the statutory right began to run from the time of the second indictment, disagreed. 217 Va. at 934, 234 S.E.2d at 273.

The amendments to the speedy trial statute after the decisions in *Miller* and *Brooks* do not alter the principles set forth in those cases. Here, an indictment was presented at the November term of the grand jury and was returned "not a true bill" on November 19, 1984. This action by the grand jury operated to discharge appellant on the charge in question. Presumably the grand jury determined that there was not sufficient cause to hold him. Had appellant not been incarcerated on an unrelated criminal conviction, he would have been entitled to be discharged from custody once the grand jury failed to return an indictment against him. Therefore, as of November 19, 1984, Code § 19.2-243 ceased to apply.

A second grand jury returned a true bill of indictment on February 19, 1985, for the same offense, and appellant was brought to trial within two months of the indictment. There was no denial of a speedy trial within the contemplation of Code § 19.2-243.

Nothing in the record suggests that the Commonwealth abused the grand jury process to secure the return of no true bill or that the Commonwealth requested the *nolle prosequi* for improper motives. In the absence of some showing that the Commonwealth acted improperly, appellant's due process claim must fail. *See Moore* v. *Commonwealth*, 218 Va. 388, 396, 237 S.E.2d 187, 193 (1977).

For the reasons stated, the conviction is affirmed.

*Affirmed.*

Koontz, C.J., and Keenan, J., concurred.