COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Fitzpatrick
Argued at Alexandria, Virginia

GENE LUIS CERA

v.     Record No. 0432-94-4          MEMORANDUM OPINION[*] BY
                                     JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA                    MAY 2, 1995


        FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                James H. Chamblin, Judge

    Lorie E. O'Donnell, Assistant Public Defender (Office of
        the Public Defender, on brief), for appellant.

    Leah A. Darron, Assistant Attorney General (James S.
    Gilmore, III, Attorney General, on brief), for appellee.



    Gene Luis Cera (appellant) was convicted in a jury trial of
grand larceny in violation of Code § 18.2-95. On appeal, he
argues that the trial court erred in: (1) denying his motion to
dismiss the grand larceny charge based on a speedy trial
violation, and (2) failing to allow him to refresh the
recollection of a witness. We disagree and affirm the trial
court.

                           **BACKGROUND**

    Appellant was arrested in January 1993 for embezzlement in
violation of Code § 18.2-111. On February 16, 1993, the district
court found probable cause in the preliminary hearing on the
warrant charging embezzlement. On March 9, 1993, based on the

--------
[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

1

same incident, a grand jury straight-indicted appellant for grand larceny in violation of Code § 18.2-95. Appellant remained free on bond pending trial. Appellant was convicted of grand larceny in a jury trial on December 1, 1993. Prior to trial, appellant moved to dismiss, arguing that the Commonwealth violated his right to a speedy trial under Code § 19.2-243 by prosecuting him for grand larceny more than nine months after his preliminary hearing on the embezzlement charge.

Appellant began working for Culinary Delights, a catering company, in August 1992. In September and October 1992, employees of Culinary Delights reported equipment missing. Appellant left Culinary Delights in November 1992 to begin his own catering business. Bill Surface (Surface), an employee of Culinary Delights, helped appellant with a party in December 1992 and noticed equipment belonging to Culinary Delights. Surface testified that appellant asked him to steal equipment from the Westpark Hotel. The Commonwealth introduced into evidence a taped telephone conversation between Surface and appellant in which appellant asked for Surface's help in stealing equipment.

In January 1993, Investigator Edward Fant (Fant) of the Loudoun County Sheriff's Office obtained a search warrant for appellant's residence. An employee of Culinary Delights accompanied Fant during execution of the warrant and recognized other items not listed in the warrant. Fant seized these items pursuant to a second search warrant. At trial, Fant could not

recall which items were listed on the first search warrant.
Appellant attempted to refresh Fant's recollection by showing him
the warrant. The Commonwealth objected to the use of the warrant
because it was not in evidence, and the trial court sustained the
objection.

## SPEEDY TRIAL

Appellant argues that embezzlement and larceny are the same
charge for the purposes of applying the nine-month time
limitation of Code § 19.2-243, and as such, the nine months must
run from the date of the preliminary hearing on the embezzlement
charge, not from the date of indictment on the grand larceny
charge.

> Code § 19.2-243 provides as follows:
> If there was no preliminary hearing in
> the district court, or if such preliminary
> hearing was waived by the accused, the
> commencement of the running of the five and
> nine months periods, respectively, set forth
> in this section, shall be from the date an
> indictment or presentment is found against
> the accused.

In Presley v. Commonwealth, 2 Va. App. 348, 344 S.E.2d 195
(1986), this Court held that "'[w]hen an original indictment is
supplanted by a second indictment, the terms contemplated by the
statute are to be counted from the time of the second
indictment.'" Id. at 350-51, 344 S.E.2d at 196 (quoting Brooks
v. Peyton, 210 Va. 318, 322, 171 S.E.2d 243, 246 (1969)).

Code § 18.2-111[1] classifies embezzlement as a larceny crime

---

[1]Code § 18.2-111 provides as follows:

3

and provides for punishment according to the larceny statutes. Larceny is a common law crime that is regulated for punishment purposes by Code § 18.2-95.[2]  In <u>Smith v. Commonwealth</u>, 222 Va. 646, 283 S.E.2d 209 (1981), the Supreme Court of Virginia distinguished larceny from embezzlement:

> A person who takes personal property from the possession of another without the owner's consent and with intent to deprive him of

---

> If any person wrongfully and fraudulently use, dispose of, conceal or embezzle any money, bill, note, check, order, draft, bond, receipt, bill of lading or any other personal property, tangible or intangible, which he shall have received for another or for his employer, principal or bailor, or by virtue of his office, trust, or employment, or which shall have been entrusted or delivered to him by another or by any court, corporation or company, he shall be guilty of embezzlement. Embezzlement shall be deemed larceny and upon conviction thereof, the person shall be punished as provided in § 18.2-95 or § 18.2-96.

[2]Code § 18.2-95 provides as follows:

> Any person who (i) commits larceny from the person of another of money or other thing of value of $5 or more, (ii) commits simple larceny not from the person of another of goods and chattels of the value of $200 or more, or (iii) commits simple larceny not from the person of another of any handgun, rifle or shotgun, regardless of the handgun's, rifle's or shotgun's value, shall be guilty of grand larceny, punishable by imprisonment in a state correctional facility for not less than one nor more than twenty years or, in the discretion of the jury or court trying the case without a jury, be confined in jail for a period not exceeding twelve months or fined not more than $2,500, either or both.

possession permanently is guilty of common law larceny.  A person entrusted with possession of another's personalty who converts such property to his own use or benefit is guilty of the statutory offense of embezzlement.

222 Va. at 649, 283 S.E.2d at 210 (citation omitted).

We hold that the nine-month limitation began on the date of indictment because no preliminary hearing was held on the grand larceny charge.  This situation is similar to the one in Presley, in which the Commonwealth nolle prossed the first indictment and sought a second one on the same charge.  Here, the Commonwealth abandoned the embezzlement charge and straight-indicted appellant on the grand larceny charge.  Additionally, embezzlement and larceny are separate offenses with different elements.  The key distinction between embezzlement and larceny is that larceny involves a trespassory taking of property while embezzlement involves a conversion of property received with the owner's consent.  The two crimes are not the same offense for determining time limits under Code § 19.2-243.

### PRESENT RECOLLECTION REFRESHED

Appellant also argues that the trial court erred in requiring him to introduce into evidence the first search warrant before using it to refresh Fant's recollection of the contents.

In McGann v. Commonwealth, 15 Va. App. 448, 424 S.E.2d 706 (1992), this Court addressed "present recollection refreshed" and held that:

when a witness has a memory lapse on the stand and "forget[s] some portion (or even

5

all) of the facts of the matter about which [he or she is] called to testify," a party may attempt to "refresh" the witness's memory by having the witness examine materials relating to the matter for which they are testifying. One method of refreshing a witness's memory, commonly referred to as "present recollection refreshed," permits a witness who is unable to independently recall all of his testimony to examine "any material" and then "testify <u>from independent memory</u>, which has supposedly returned to him upon sight of the refreshing material."

Id. at 451-52, 424 S.E.2d at 709 (citation omitted) (quoting Charles E. Friend, <u>The Law of Evidence in Virginia</u> § 18 (3d ed. 1988) (emphasis in original)). "'Refreshed' testimony is admissible if it shows the witness'[s] memory was in fact refreshed and that he or she was then testifying from his or her independent recollection of the events." <u>Potts v. Commonwealth</u>, 12 Va. App. 1093, 1096, 408 S.E.2d 256, 257 (1991).

Assuming without deciding that the trial judge erred, we hold that the error is harmless because it did not affect the verdict. "[N]on-constitutional error is harmless 'when it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" <u>Lavinder v. Commonwealth</u>, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (quoting Code § 8.01-678). Sufficient evidence supported appellant's conviction, including: (1) the testimony of Surface that he saw appellant using equipment belonging to Culinary Delights; (2) the taped telephone conversation between

6

Surface and appellant, in which appellant asked Surface to help him steal catering equipment; and (3) the location of the stolen equipment in appellant's home.

Accordingly, the decision of the trial court is affirmed.

<u>Affirmed</u>.