UPON REHEARING EN BANC
By opinion issued December 6, 1994, Cotton v. Commonwealth, 19 Va.App. 306, 451 S.E.2d 673 (1994), we reversed and remanded Joseph Cotton, Jr.’s convictions of robbery and use of a firearm in the commission of robbery. On petition of the Commonwealth, we granted rehearing en banc on two questions: (1) whether the trial court properly admitted the victim’s statement, made during the robbery, that she knew the robber, and (2) whether the trial court properly excluded from evidence a plastic bag that contained a palm print of an unidentified person other than Cotton. On rehearing en banc, we reverse the panel decision and find no error with respect to the admission of the victim’s statement. We affirm the panel decision and reverse the judgment of the trial court with respect to the exclusion of the plastic bag.
I.
Ms. Neal, a customer in the store at the time of the robbery, testified that as the robber, who wore a mask, left the store following the robbery, the victim, Chong Johnson, exclaimed, “I know him, that’s not a real gun. I know him, that’s not a real gun.” The trial court admitted this statement under the excited utterance exception to the hearsay rule.
“On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court ... will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.” Josephs v. Commonwealth, 10 Va.App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc). The victim’s *598 statement was made during the course of an armed robbery, as the perpetrator left the store. Those circumstances support the trial court’s factual finding that the statement was made spontaneously, induced by the stress and excitement of the robbery.
BENTON, J., with whom KOONTZ, J., joins, dissenting.
II.
For the reasons stated in the panel decision, 19 Va.App. at 314, 451 S.E.2d at 677, we hold that the trial court erred in excluding the plastic bag from the evidence.
MOON, C.J., and COLEMAN, WILLIS, ELDER, BRAY and FITZPATRICK, JJ., concur.
BAKER, J., dissents.