COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Bumgardner
Argued at Alexandria, Virginia


SAMMY D. SULEIMAN
                                            OPINION BY
v.    Record No. 3130-96-4        JUDGE ROSEMARIE ANNUNZIATA
                                         FEBRUARY 3, 1998
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                  Jane Marum Roush, Judge

           William B. Reichhardt (Elizabeth D. Teare;
           William B. Reichhardt & Associates; Surovell,
           Jackson, Colten & Dugan, P.C., on briefs),
           for appellant.

           John K. Byrum, Jr., Assistant Attorney
           General (Richard Cullen, Attorney General;
           Marla Graff Decker, Assistant Attorney
           General, on brief), for appellee.


     Sammy D. Suleiman (appellant), a juvenile, appeals the

sentence imposed by the circuit court after his conviction for

robbery.  He contends the court did not sentence him in

accordance with the requirements of Code § 16.1-285.1, which

govern the sentencing of serious juvenile offenders.  Finding no

error, we affirm.

     This case is before us on an agreed statement of facts.

Appellant and two codefendants robbed a 7-11 store in Fairfax

County after evaluating various commercial establishments to

determine which to rob.  One of appellant's codefendants went

into the store, brandished a handgun at the 7-11 cashier, and

demanded money.  Appellant entered the store and told the cashier

to do as his codefendant instructed.  Appellant then removed cash

and cigarettes from the countertop.  Appellant and his codefendants were arrested approximately five minutes after the robbery as they attempted to flee from the 7-11.  After his arrest, appellant admitted that he had participated in the robbery and stated that the robbery was his idea.

The Commonwealth filed a petition against appellant in the juvenile and domestic relations district court on March 25, 1996, alleging that he robbed a 7-11 store in Fairfax, Virginia, on March 24, 1996.  The Commonwealth sought to try appellant as an adult, but the juvenile court declined to release its jurisdiction over the case to the circuit court.  Appellant entered a plea of nolo contendere and filed an appeal to the circuit court.  At trial, contrary to his earlier admissions, appellant maintained that he did not know that a robbery was in progress as he entered the store.  One of appellant's codefendants testified that appellant was the "mastermind" behind the robbery.  The codefendant also testified that two weeks earlier he and appellant had stolen the weapons used in the robbery from a Walmart.  A jury convicted appellant of robbery.

At a sentencing hearing on November 22, 1996, the trial court received and reviewed a court report from the probation office.  In the court report, a probation officer recited details of the robbery taken from the police report and stated that the 7-11 clerk had been in fear of being seriously injured or killed during the robbery while "the defendants were making demands."

2

The probation officer also reported that appellant had one prior arrest for assault, which had been continued and dismissed following a period of supervised probation and community service. In an interview with probation officials, appellant denied the assault.

Appellant's former probation officer reported "very minimal concerns" with appellant and his family during appellant's period of probation. The report described as generally good appellant's family, neighborhood, and school experiences. The probation officer explained that, although appellant "was in relatively good standing" at his school, he had received three in-school suspensions for disciplinary violations, such as skipping class or disobeying teachers. The report described appellant as "being very immature, impulsive, and easily influenced by other peers."

> The probation officer concluded as follows:
> It has become evident to this reporter that Sammy David Suleiman has failed to accept responsibility for his actions on the night in question, and has continued to minimize his involvement in this crime. Furthermore, it is the feeling of this officer that Sammy Suleiman does not understand the seriousness of this type of criminal behavior, nor has he shown an appropriate amount of remorse for his actions.

The probation officer recommended that appellant be committed to the Department of Juvenile Justice until his twenty-first birthday.

In support of his argument that he was amenable to treatment

3

through non-incarceration juvenile programs, appellant presented the testimony of Dr. Christopher Lane, a clinical psychologist, who testified that appellant was remorseful and amenable to treatment as an outpatient.  Dr. Lane testified that appellant's five month incarceration would act as a deterrent to further criminal activity and that further incarceration would not be helpful and would interfere with appellant's ongoing treatment.

Appellant also presented testimony from his school guidance counselor to establish that appellant had performed well in school and could return to school if allowed by the court. A petition signed by members of appellant's community was introduced.  The petition stated that the signatories had no concern for the safety of the community if appellant were released.  Finally, appellant presented evidence that he had responded well to electronic monitoring and probation and that he had successfully held a job while on probation.

> In sentencing appellant, the trial court stated as follows:
>> In consideration, the Court found that the Defendant comes within the purview of the Juvenile and Domestic Relations District Court Law of the 1950 Code of Virginia, as amended, pursuant to § 16.1-285.1.  The Court considered, among other factors, that the juvenile is fourteen (14) years of age or older and that the commitment under this section is necessary to meet the rehabilitative needs of the juvenile and would best serve the interests of the community; and that the felony offense is punishable by a term of confinement of greater than twenty years if the felony was committed by an adult.

The court remanded appellant to the Department of Juvenile Justice for a period of four years and six months, not to exceed his twenty-first birthday. The trial court denied appellant's motion for reconsideration of his sentence in which he alleged that the trial court had not made the required statutory findings.

On appeal, appellant contends the trial court erred when it failed to determine that appellant was not a proper person to receive treatment through juvenile programs other than incarceration. Appellant also argues that no evidence supports the trial court's determination, if in fact one was made.

The proper interpretation of Code § 16.1-285.1 is a question of first impression for this Court. "Principles of statutory construction mandate that we 'give effect to the legislative intent.' While penal statutes must be strictly construed against the Commonwealth, '[t]he plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction . . . .'" Newton v. Commonwealth, 21 Va. App. 86, 89, 462 S.E.2d 117, 119 (1995).

Code § 16.1-285.1 provides that a serious juvenile offender may be committed to the custody of the Department of Juvenile Justice for a period of seven years or until the juvenile's twenty-first birthday, whichever occurs first. Generally, "when the maximum punishment is prescribed by statute, 'and the sentence [imposed] does not exceed that maximum, the sentence

5

will not be overturned as being an abuse of discretion.'" *Valentine v. Commonwealth*, 18 Va. App. 334, 339, 443 S.E.2d 445, 448 (1994) (quoting *Abdo v. Commonwealth*, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977)).

As appellant contends, however, Code § 16.1-285.1 requires the trial court to make certain findings prior to sentencing a juvenile as a serious offender. Code § 16.1-285.1(A) allows a circuit court to commit a juvenile as a serious offender

> [i]n the case of a juvenile fourteen years of age or older who has been found guilty of an offense which would be a felony if committed by an adult, and . . . (iii) the felony offense is punishable by a term of confinement of greater than twenty years if the felony was committed by an adult, . . . and the circuit court . . . finds that commitment under this section is necessary to meet the rehabilitative needs of the juvenile and would serve the best interests of the community . . . .

Prior to committing the juvenile as a serious offender, the court must consider the age of the juvenile, the "seriousness and number of the present offenses," the "previous history of the juvenile," and the "Department's estimated length of stay." Code § 16.1-285.1(B). In addition, the court's "commitment order must be supported by a determination that the interests of the juvenile and community require that the juvenile be placed under legal restraint or discipline and that the juvenile is not a proper person to receive treatment or rehabilitation through other juvenile programs or facilities." *Id.*

6

We find that the court's written findings in this case satisfy the requirements of the statute and constitute evidence that the court made the required determination that the appellant "is not a proper person to receive treatment or rehabilitation through other juvenile programs or facilities." Code § 16.1-285.1(B).[1]

The findings in the court's order track the findings required under Code § 16.1-285.1(A): appellant is fourteen years of age or older, his commitment is necessary to meet his rehabilitation needs and best serve the interests of the community, and appellant's felony offense would be punishable by incarceration for more than twenty years if committed by an adult. While the court's order does not explicitly address the question of whether appellant is a proper person to receive treatment through other programs, it states that "commitment under this section is necessary to meet the rehabilitative needs of the juvenile." We find that this statement reflects the court's implicit determination that appellant is not a proper person for non-incarceration juvenile treatment. If commitment

---

[1]To the extent appellant's argument encompasses a claimed requirement that the court must make detailed findings in writing, we disagree, provided the record discloses that all the statutory factors have been considered and the required determination has been made. While making the required determination and findings in writing may agreeably be a sound practice, it is apparent from the language of the statute that Code § 16.1-285.1(B) does not require that the determination be in written form.

is "necessary" to meet appellant's rehabilitative needs, other, less intrusive means of treatment will not fulfill his needs, and, therefore, he is not a proper person for the "other programs" to which the statute refers.

Appellant's second contention, that the evidence does not support the court's findings, is fundamentally a question of the sufficiency of the evidence. We are required to view the evidence in the light most favorable to the Commonwealth. Cotton v. Commonwealth, 20 Va. App. 596, 597, 459 S.E.2d 527, 528 (1995) (en banc) (citing Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc)). Furthermore, whether appellant was a proper person to receive treatment or rehabilitation through non-incarceration programs is a question of fact, and we may not reverse a court's finding of fact unless it "'is plainly wrong or without evidence to support it.'" Id. (quoting Josephs, 10 Va. App. at 99, 390 S.E.2d at 497).

The evidence supports the court's findings of fact. Appellant was convicted of robbery. The court heard evidence that appellant was the "mastermind" behind the robbery and stole the weapons used in the crime. These circumstances establish that appellant was directly responsible for his crime.

The Commonwealth also presented substantial evidence that appellant and his parents had not accepted responsibility for appellant's acts. At trial, appellant denied his earlier admission of guilt. In an interview with the probation office,

8

he denied his earlier assault and did not show remorse for his crime. The court received evidence that appellant's parents did not hold him fully accountable for his crime but instead blamed appellant's diabetes. While appellant presented a petition from members of his community, the petition does not reflect that the signatories were aware of the nature of appellant's crime. Dr. Lane testified that appellant was remorseful, but the trial court had the discretion to weigh conflicting testimony and conclude that appellant did not appreciate the seriousness of his acts and, thus, was not likely to benefit from treatment alternatives short of incarceration. See Davison v. Commonwealth, 18 Va. App. 496, 502, 445 S.E.2d 683, 687 (1994) (citing Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601-02 (1986)).

Finding that the court's order rested on a determination that appellant was not a proper person for non-incarceration juvenile programs and that its sentencing decision was not plainly wrong or unsupported by the evidence, we affirm the conviction.

Affirmed.