532 S.E.2d 899

Cory Alver JEFFERSON

v.

COMMONWEALTH of Virginia.

Record No. 0953–99–2.

Court of Appeals of Virginia,
Richmond.

Aug. 22, 2000.

Douglas A. Ramseur (D. Gregory Carr; Bowen, Bryant, Champlin & Carr, on briefs), Richmond, for appellant.

**232**

Leah A. Darron, Assistant Attorney General (Mark L. Earley, Attorney General, on brief), for appellee.

Present: WILLIS and ELDER, JJ., and COLE, Senior Judge.

WILLIS, Judge.

On appeal from his convictions in a jury trial of two counts of second-degree murder, in violation of Code § 18.2–32, and two counts of use of a firearm, in violation of Code § 18.2–53.1, Cory Alver Jefferson contends (1) that the trial court denied his statutory right to a speedy trial, (2) that the trial court erred in admitting prejudicial evidence that his companion was armed, and (3) that the trial court erred in instructing the jury as to the mandatory sentencing required for violations of Code § 18.2–53.1. Finding no error, we affirm the judgment of the trial court.

## I. *BACKGROUND*

Under well-settled principles, we view the evidence in the light most favorable to the Commonwealth, granting to it all inferences reasonably deducible therefrom.

On June 25, 1998, as Jefferson's girlfriend was talking to him on the telephone, her next door neighbor, Willie Davis, listening through his open window, made derogatory comments about Jefferson. Jefferson overheard and was angered by Davis's remarks. One hour later, he arrived at Davis's home, accompanied by three friends, Rudolph Jefferson, Chauncey Brooks, and R.J. Wynn. Jefferson approached the house and asked to speak to Davis. After exchanging words through the screen door, Jefferson invited Davis to come out of the house to settle their argument. The two men began fighting. Continuing to fight, they entered the house and shut the door.

Inside the house, Davis's sisters and Brock Lewis joined the fight on Davis's behalf. Jefferson then drew a handgun and began firing. He shot Lewis in the back of the head, killing

him instantly. He shot Davis in the arm and the head. Davis later died of those wounds.

During the fight, Jefferson's friends attempted to follow him into the house. Rudolph Jefferson drew a handgun and fired at the door.

The jury convicted Jefferson of two counts of second-degree murder, in violation of Code § 18.2–32, and two counts of use of a firearm, in violation of Code § 18.2–53.1. It fixed his sentence at twenty years imprisonment on each of the murder convictions, three years imprisonment on the first firearm conviction, and five years imprisonment on the second firearm conviction, a total of forty-eight years. The trial court imposed those sentences

## II. *SPEEDY TRIAL REQUIREMENT*

Code § 19.2–243 provides, in pertinent part:

Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court....

If there was no preliminary hearing in the district court, or if such preliminary hearing was waived by the accused, the commencement of the running of the five and nine months periods, respectively, set forth in this section, shall be from the date an indictment or presentment is found against the accused.

If an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein, the five and nine months periods, respectively, shall commence to run from the date of his arrest thereon.

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;

The provisions of this section shall not apply to such period of time as the failure to try the accused was caused:

\* \* \* \* \* \*

4. By continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such a motion by the attorney for the Commonwealth ...

"The five month period is computed as 152 and a fraction days." *Moten v. Commonwealth,* 7 Va.App. 438, 441, 374 S.E.2d 704, 706 (1988).

■ On August 5, 1998, the general district court found probable cause to believe Jefferson had committed two counts of first-degree murder and two counts of the use of a firearm in violation of Code § 18.2–53.1 and certified those charges to the grand jury. Jefferson was represented at the probable cause hearing by retained counsel.

On September 14, 1998, the grand jury returned against Jefferson indictments on the four certified charges and a fifth indictment charging him with capital murder of Lewis. Jefferson's counsel did not appear at the September 14, 1998 docket call. On September 14, the trial court entered two orders. The first order directed the issuance of a capias on the direct indictment. On September 22, 1998, Jefferson was arrested on the capias. The second order appointed Jefferson's previously-retained attorneys to represent him on the capital murder charge. No date was set for further proceedings.

On September 23, 1998, Jefferson was brought before the trial court on the September 14 capiases. His counsel did not appear. His previously-retained attorneys were appointed to represent him on the murder and firearm charges and the case was continued to the October 13 docket call for the setting of a trial date.

The attorneys for the Commonwealth and Jefferson agreed to have pre-trial motions heard before the setting of a trial date. Pursuant to this agreement, the parties did not appear on October 13. Motions were heard on October 30, 1998, and the case was continued to the November 12, 1998 docket call.

On November 12, on joint motion of the Commonwealth and the defense, the case was continued generally. On November 16, 1998, on motion of the Commonwealth and the defense, the case was continued to the December 14, 1998 docket call. On December 14, 1998, the trial court set the case for trial commencing January 26, 1999.

On January 26, 1999, on motion of the Commonwealth and over defense objection, the case was continued to February 25, 1999, and trial was commenced on that day. The Commonwealth amended the capital murder indictment, which had been returned on September 14, 1998, to charge first-degree murder. It *nolle prossed* one of the first-degree murder indictments, as to which a preliminary hearing and probable cause determination had been conducted on August 5, 1998. Thus, one of Jefferson's second-degree murder convictions was based on an indictment returned September 14, 1998, and as to which a probable cause determination had been made August 5, 1998. The other second-degree murder conviction was based on the indictment, originally for capital murder, returned September 14, 1998, as to which there had been no preliminary hearing and probable cause determination. The two firearms convictions were based on the indictments returned September 14, 1998, as to which preliminary hearings and probable cause determinations had been conducted August 5, 1998.

Jefferson was held continuously in custody from his preliminary hearing on August 5, 1998 until the commencement of his trial on February 25, 1999.

Unless an exception to its operation applied, Code § 19.2–243 required that Jefferson's trial be commenced on or before January 4, 1999, with respect to the murder and firearm charges as to which probable cause had been determined at

the preliminary hearing held on August 5, 1998. As to the murder indictment returned September 14, 1998, without a previous probable cause determination, the statute required that trial be commenced on or before February 21, 1999. The Commonwealth contends that failure to commence trial within these times was caused by continuances granted on Jefferson's motion, with his concurrence, or by his failure to make timely objection. In assessing the impact of the several delays experienced in this case on the operation of Code § 19.2–243, we focus our analysis on the distinction between delay that is inherent in the orderly process of bringing charges on for trial, and delay that is not inherent in that process. *See Baity v. Commonwealth,* 16 Va.App. 497, 501, 431 S.E.2d 891, 893 (1993).

### A.  *THE SEPTEMBER 14, 1998 CONTINUANCE*

With respect to the indictments setting forth charges as to which a preliminary hearing had been conducted on August 5, 1998, the delay from September 14 to October 13 is charged to Jefferson. September 14 was a docket call day. At that time, Jefferson had counsel of record, who had appeared and represented him, with respect to the two indictments charging murder and the two indictments charging the firearm violations. His counsel failed to appear, rendering the trial court unable to set a trial date, and, thus, of necessity, requiring a continuance to the next docket call, October 13.

Jefferson argues that, even though he had retained counsel who appeared and represented him at the preliminary hearing, his counsel's employment contract stipulated that they would not represent him if he were indicted for capital murder. That employment contract, however, was not binding on the trial court, and counsel, having appeared, were required to continue until relieved.

"Counsel of record" includes a counsel or party who has signed a pleading in the case or who has notified the other parties and the clerk in writing that he appears in the case. Counsel of record shall not withdraw from a case except by

leave of court after notice to the client of the time and place of a motion for leave to withdraw.

Rule 1:5. *See also Francis v. Francis,* 30 Va.App. 584, 589–90, 518 S.E.2d 842, 845 (1999).

■ Jefferson's counsel never moved to be permitted to withdraw. The trial court never released them. Indeed, by its September 23 order, the trial court ordered them to represent Jefferson. Their appointment to represent Jefferson resolved only the source of their compensation. It did not interrupt their status and duty as Jefferson's attorneys.

■ Failure of defense counsel to appear is not "a delay inherent in the process of preparing the matter for trial...." *Baity,* 16 Va.App. at 507, 431 S.E.2d at 897. *See also Townes v. Commonwealth,* 234 Va. 307, 321–23, 362 S.E.2d 650, 658–59 (1987). Defense counsel's failure to appear required a continuance as effectively as though defense counsel had moved for a continuance. Thus, the delay of twenty-nine days, from September 14 to October 13, is chargeable to Jefferson with respect to the charges as to which a preliminary hearing had been conducted on August 5.

### B. *DELAYS OF SEPTEMBER 23, OCTOBER 13, AND OCTOBER 30*

On September 23, counsel were appointed to represent Jefferson on the capital murder charge. Prior to that date, he was without counsel. The passage of time prior to that date is not chargeable to him. *See Nelms v. Commonwealth,* 11 Va.App. 639, 400 S.E.2d 799 (1991). The record is unclear as to the initiation and reasons for the delays of September 23, October 13, and October 30. Therefore, these delays cannot be charged to Jefferson.

### C. *THE NOVEMBER 12 DELAY*

■ Jefferson correctly acknowledges that the thirty-two day delay from November 12 to December 14 is chargeable to

him, that delay having been occasioned by joint motion of the Commonwealth and the defense.

## D. *ANALYSIS*

Jefferson is charged with sixty-one days delay with respect to the charges as to which a probable cause determination was made on August 5. The amount of time thus charged to him is comprised of the twenty-nine day delay elapsing between September 14 and October 13 and the thirty-two day delay elapsing between November 12 and December 14. Had no exception to the operation of Code § 19.2–243 applied, trial on these charges should have been commenced January 4, 1999. Trial was actually commenced February 25, fifty-two days late. The sixty-one days of delay charged to Jefferson means the trial was commenced as to these charges within the requirement of the statute.

With respect to the capital murder indictment, later reduced to first-degree murder and resulting in a second-degree murder conviction, Code § 19.2–243, in the absence of a tolling exception, required the commencement of trial on or before February 21, 1999. The trial commenced on February 25. However, Jefferson is charged with thirty-two days delay from November 12 to December 14, 1998. Thus, trial on that charge was commenced within the requirement of the statute.

## III. *ADMISSION OF EVIDENCE*

■ Jefferson next contends that the trial court erred in admitting evidence that Rudolph Jefferson carried a firearm to Davis's home and shot at the house. He argues that the prejudicial effect of this evidence outweighed its probative value, because it suggested to the jury that he associated with dangerous people who carried guns. However, the fact that Jefferson himself carried a gun to Davis's house renders this argument illogical. Furthermore, Jefferson produced the evidence that Rudolph Jefferson was armed.

Jefferson contended that he shot Lewis and Davis in self-defense. The fact that he and his associates took guns to

Davis's house was probative of his intent and of whether he approached Davis with an aggressive purpose. *See Ragland v. Commonwealth,* 16 Va.App. 913, 918, 434 S.E.2d 675, 678 (1993). The trial court did not abuse its discretion in admitting this evidence. *See Cotton v. Commonwealth,* 20 Va.App. 596, 597–98, 459 S.E.2d 527, 528 (1995) (*en banc*).

## IV. *SENTENCING INSTRUCTION*

Finally, Jefferson contends that the trial court erred in instructing the jury concerning the sentences to be imposed for violations of Code § 18.2–53.1. However, he made no objection to the instruction, which directed the jury to sentence Jefferson to three years on the first firearm conviction and five years on any successive violation, as required by the statute. We will not address an issue that was not properly preserved. *See* Rule 5A:18. We perceive no reason to invoke the "ends of justice" exception. The sentence is not excessive on its face. The predicate and subsequent offenses may be prosecuted in the same proceeding. *See Mason v. Commonwealth,* 16 Va.App. 260, 262–63, 430 S.E.2d 543, 544 (1993).

The judgment of the trial court is affirmed.

*Affirmed.*

ELDER, Judge, concurring in part and dissenting in part.

I would hold that the delay from September 14, 1998 to October 13, 1998, was not attributable to appellant and, therefore, that his speedy trial rights under Code § 19.2–243 were violated with respect to his conviction for second-degree murder of Willie Davis and the two convictions for using a firearm in the commission of murder. Because I would hold that the direct indictment for capital murder of Brock Lewis superseded the related indictment for first-degree murder, I concur in the majority's conclusion that the conviction based on the capital murder indictment—second-degree murder of Brock Lewis—did not violate Code § 19.2–243. I join in Part III of the majority opinion, which affirms the admission of certain evidence. However, because I would hold that the two fire-

arm convictions violated the speedy trial statute, I would find it unnecessary to reach the sentencing issue addressed in Part IV. In sum, I would affirm the conviction for second-degree murder of Brock Lewis and reverse and dismiss the other three convictions.

The pertinent portions of Code § 19.2–243 provide as follows:

> Where a general district court has found ... probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found....
>
> If there was no preliminary hearing in the district court ..., the commencement of the running of the five ... month[ ] period[ ] ... shall be from the date an indictment or presentment is found against the accused.
>
> If an indictment or presentment is found against the accused but he has not been arrested for the offense charged therein, the five ... month[ ] period[ ] ... shall commence to run from the date of his arrest thereon.

An exception is provided for such period of time as

> the failure to try the accused was caused: ... [b]y continuance granted on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth, or by the failure of the accused or his counsel to make a timely objection to such motion by the attorney for the Commonwealth....

Code § 19.2–243. Other than as set forth above, "[a] defendant does not waive his right to a speedy trial merely because he remains silent or does not demand that a trial date be set within the prescribed period." *Godfrey v. Commonwealth,* 227 Va. 460, 463, 317 S.E.2d 781, 782 (1984); *see also Baker v. Commonwealth,* 25 Va.App. 19, 25, 486 S.E.2d 111, 114 (holding that when trial court overruled defense counsel's objection to continuance, defense counsel's act of providing the court

with available dates beyond the five-month speedy trial limitation did not constitute a waiver of defendant's statutory right to a speedy trial), *aff'd on reh'g en banc*, 26 Va.App. 175, 493 S.E.2d 687 (1997).

Code § 19.2–241 requires that "[t]he judge of each circuit court shall fix a day of his court when the trial of criminal cases will commence" and that the accused "shall be tried within the time limits fixed in § 19.2–243." "[Code § 19.2–241] is, in part, a legislative acknowledgement of the obvious imperative that the trial judge, rather than the prosecutor or the accused, controls the trial docket." *Baity v. Commonwealth*, 16 Va.App. 497, 502, 431 S.E.2d 891, 894 (1993).

> Although in setting its docket the trial court should consider counsel's available dates and whether the date selected is convenient for counsel, absent defendant's request for a continuance or concurrence in [or failure to object to] the Commonwealth's request[,] or waiver of the right to a speedy trial, the trial judge has the responsibility to commence the trial within the statutorily specified time regardless of whether the date is convenient for counsel.

*Baker*, 25 Va.App. at 24, 486 S.E.2d at 113–14.

The Commonwealth has an affirmative duty to try the accused within the time periods specified in Code § 19.2–243. *See Baker*, 25 Va.App. at 23, 486 S.E.2d at 113. When an accused asserts that his statutory right to a speedy trial has been violated, the burden is on the Commonwealth to "prove that the delay was based on 'one of the reasons enumerated in [Code § 19.2–243] or on appellant's waiver, actual or implied, of his right to be tried within the designated period.'" *Id.* at 22, 486 S.E.2d at 113 (quoting *Norton v. Commonwealth*, 19 Va.App. 97, 99, 448 S.E.2d 892, 893 (1994)). "Without anything in a court order or elsewhere in the record to show that a defendant agreed to or concurred in [or failed to object to the Commonwealth's request to] delay ... his trial, or instigated proceedings which *of necessity* brought about a delay of his trial, the delay must be attributed to the Commonwealth." *Cantwell v. Commonwealth*, 2 Va.App. 606, 611, 347 S.E.2d

523, 526 (1986) (emphasis added). "Representations of counsel, or even of the trial judge, if not supported by the record, are insufficient. Memories are too fragile to supply authoritatively what the record fails to reveal, especially where constitutional rights are at risk." *Godfrey*, 227 Va. at 464, 317 S.E.2d at 783.

When a directly indicted accused, whose case has not been set for trial, is brought before the trial court for the appointment of counsel and the case is continued to the next docket call without being set for trial, the period of time which follows is not tolled under Code § 19.2–243, and the statute continues to run. *See Nelms v. Commonwealth*, 11 Va.App. 639, 640, 400 S.E.2d 799, 800 (1991). The delay "is attributable to and benefits the accused"; but "because Code § 19.2–243 contemplates within its time limitations that some delay is necessary to prepare a case for trial and . . . to fix a trial date in an orderly manner, that period of time permitted by the trial court for this purpose does not also extend this code section's time limitations." *Baity*, 16 Va.App. at 503, 505, 431 S.E.2d at 894, 896. Such a delay for the appointment of counsel is one "commonly experienced in the orderly administration of justice and necessarily included within or factored into the time limitations of [Code § 19.2–243]." *Id.* ·This same reasoning applies to a delay occurring before a trial date is scheduled or contemplated when the delay is to permit an accused to retain his own counsel. *See Baity*, 16 Va.App. at 507, 431 S.E.2d at 897 (holding that fifteen-day continuance given to defendant to retain counsel shortly after his arrest and when no trial date had been set could not be attributed to him under Code § 19.2–243). In contrast, a defendant who requests the substitution of counsel on the day scheduled for trial due to the development of a conflict between lawyer and client may properly be charged with any delay necessitated by the granting of his request for substitution. *See Ballance v. Commonwealth*, 21 Va.App. 1, 6, 461 S.E.2d 401, 403 (1995). This latter sort of delay is not of the type "inherent in the orderly process òf fixing a trial date" and is not "included within or

factored into the time limitation of [Code § 19.2–243]." *Baity,* 16 Va.App. at 507, 431 S.E.2d at 897.

The majority concludes that the delay from September 14 to October 13, 1998, was attributable to appellant because the continuance was necessitated by the failure of appellant's retained counsel to appear on that date. Appellant argues that he was indigent at that time and required the substitution of appointed counsel for his retained counsel. Under the reasoning of *Nelms,* he argues, a continuation of the case to the next docket call for the purpose of appointing counsel, prior to the time the case was set for trial, was a delay not attributable to him under the speedy trial statute.

Under the facts recited by the majority, I agree with appellant's reasoning. As to the first-degree murder and firearms charges, I would hold that the delay the majority contends was necessitated by retained counsel's alleged failure to appear was, if necessary at all, a delay "inherent in the orderly process of fixing a trial date," *Baity,* 16 Va.App. at 507, 431 S.E.2d at 897, one "commonly experienced in the orderly administration of justice and … factored into the time limitations of [Code § 19.2–243]," *id.* at 505, 431 S.E.2d at 896. The indictments against appellant had just been returned that day, and the trial court accepted representations that appellant was indigent and required the appointment of counsel. No trial date on those indictments had been set. As a result, I would hold, under the reasoning of *Nelms,* that any such delay was not attributable to appellant.

Furthermore, the record fails to indicate that the delay was, "*of necessity,*" caused by either (1) the need to appoint counsel for appellant following the return of the indictments or (2) retained counsel's failure to appear at the September 14 docket call. Contrary to the majority's statement, the record indicates that the trial court accepted the representations of someone at the September 14, 1998 docket call that appellant, who had been represented by retained counsel at his preliminary hearing on the two first-degree murder and related firearms charges, was indigent and required appointment of

counsel. On that day, the court entered an order which referenced the four charges certified to the grand jury and returned as true bills on September 14, as well as the direct indictment for capital murder returned that same day. The order noted that appellant was "indigent and charged with a capital offense" and directed that appellant's previously-retained attorneys were "appointed to represent the defendant herein," referring to all five indictments listed in the caption of the order. The court issued no other order appointing counsel for the four non-capital offenses and entered no order of continuance for those cases. Also on September 14, the trial court issued a capias on the capital murder indictment, and appellant was brought before the court on the capital murder indictment on September 23. The court again appointed counsel for appellant for the capital murder charge and ordered that case alone continued to October 13, 1998, for selection of a trial date. That order referenced the capital murder charge and none of the other charges.

Therefore, although no evidence indicates that the non-capital charges were set for trial on September 14, the written record is silent as to why. At the hearing on the speedy trial motion, counsel and the court made representations and offered testimony as to who they believed was present and what had transpired on September 14. However, no transcript of the September 14 docket call is contained in the record, and the relevant orders are silent as to who was present at these proceedings and why the four indictments were not set for trial on that date.

> The record contains no [contemporaneous] orders or docket entries explaining the reason for the delay ... or supporting the trial judge's finding that the ... delay was attributable to [the accused]. No orders were entered granting continuances or showing why the case was not scheduled for trial.... The testimony of witnesses cannot stand in lieu of findings and rulings of the trial judge entered of record. To do so would diminish the sanctity of the court's records. The record of proceedings in a court of record cannot be left to the vagaries of a swearing contest

between witnesses. Such is an insufficient basis to establish why delay occurred which prevented a criminal defendant from receiving a speedy trial.

*Powell v. Commonwealth,* 29 Va.App. 745, 749–50, 514 S.E.2d 785, 787–88 (1999) (quoting *Adkins v. Commonwealth,* 13 Va.App. 519, 522, 414 S.E.2d 188, 189 (1992)). Under these circumstances, I would hold the Commonwealth failed to meet its burden of proving a delay which tolled the running of Code § 19.2–243. *See id.* at 750–51, 514 S.E.2d at 788 (holding Commonwealth failed to meet its burden where no order was entered setting initial trial date or continued trial date).

Even accepting representations made at the hearing on the motion to dismiss that counsel for appellant were not present at docket call on September 14, the court's failure to set the cases for trial in the absence of defense counsel did not constitute, under Code § 19.2–243, (1) a request for a continuance by the accused, (2) a concurrence by the accused in a continuance motion made by the Commonwealth, or (3) a failure to object to a continuance requested by the Commonwealth. Nothing establishes that the Commonwealth made any such motion. The absence of defense counsel from docket call did not constitute such a motion made by the accused because that absence did not prevent the trial court from setting the four non-capital charges for trial. The trial court had the power and discretion to set a trial date in the absence of counsel, and the trial court bore the burden of ensuring that trial was commenced within the time required by the statute. *See* Code § 19.2–241; *Baker,* 25 Va.App. at 24, 486 S.E.2d at 113–14; *Baity,* 16 Va.App. at 502, 431 S.E.2d at 894. The trial court acknowledged its possession of this power on numerous occasions, noting as follows:

> [W]hen defense counsel doesn't show up [for docket call,] often we set the case.

> [E]very time I accommodate [a] defendant I get into trouble so I'll never do it again. I will set the case. Y'all didn't show up for . . . docket call[ ].

[A]ll cases will be set in the term in which a true bill is returned and we will see what the lawyers do about that. If they can't make it they can't make it. It's not my problem. It will be their problem.

Therefore, contrary to the majority's holding, the record fails to establish that the court was "unable to set a trial date" on September 14 or that a continuance until the next docket call on October 13 was a "necessity." As a result, I would hold the Commonwealth failed to establish that appellant's convictions for second-degree murder of Willie Davis and use of a firearm in the commission of the murders of Davis and Brock Lewis occurred within the requisite period of time following the probable cause determinations for these offenses, and I would reverse and dismiss these convictions.[1]

Because I would hold that the delay from September 14 to October 13, 1998, is not attributable to appellant, I also would find it necessary to consider appellant's claim that his conviction under the capital murder indictment violated the speedy trial statute because the statute had already expired on the related murder charge, thus "forever discharg[ing him] from prosecution for such offense." Code § 19.2–243. I would hold that the capital murder indictment supplanted the related indictment for the first-degree murder of Brock Lewis such that the first-degree murder indictment lost all legal effect even before it was disposed of by *nolle prosequi* on February 25, 1999. Therefore, I concur in the majority's affirmance of appellant's conviction for the second-degree murder of Brock Lewis.

---

1. The majority concludes that "[appellant] is charged with sixty-one days delay with respect to the charges as to which a probable cause determination was made on August 5," which includes twenty-nine days which elapsed between September 14 and October 13. Because the trial for these offenses occurred only fifty-two days late, the majority concludes the trial did not violate appellant's speedy trial rights. However, by concluding that the twenty-nine-day period of September 14 to October 13 was not attributable to appellant, I would charge only thirty-two days of the delay to appellant. Under these calculations, his trial for these offenses was twenty days late.

Our cases interpreting Code § 19.2–243 hold that the disposal of an indictment by *nolle prosequi* " 'is a discontinuance which discharges the accused from liability on the indictment to which the nolle prosequi is entered.' " *Arnold v. Commonwealth*, 18 Va.App. 218, 221, 443 S.E.2d 183, 185 (quoting *Miller v. Commonwealth*, 217 Va. 929, 935, 234 S.E.2d 269, 273 (1977)), *aff'd on reh'g en banc*, 19 Va.App. 143, 450 S.E.2d 161 (1994). Thus, when an indictment is disposed of by *nolle prosequi before the speedy trial statute has run* and the accused subsequently is re-indicted on the same charge, the speedy trial statute begins to run anew from the time of the second indictment. *See id.; see also Miller*, 217 Va. at 934, 234 S.E.2d at 273; *Presley v. Commonwealth*, 2 Va.App. 348, 350–51, 344 S.E.2d 195, 196 (1986). "A new indictment is a new charge, distinct from the original charge or indictment." *Arnold*, 18 Va.App. at 221, 443 S.E.2d at 185. " 'When an original indictment is supplanted by a second indictment, the terms contemplated by [Code § 19.2–243] are to be counted from the time of the second indictment.' " *Presley*, 2 Va.App. at 350, 344 S.E.2d at 196 (quoting *Brooks v. Peyton*, 210 Va. 318, 322, 171 S.E.2d 243, 246 (1969)).

Here, although the speedy trial statute would have expired on the indictment for first-degree murder of Brock Lewis before the Commonwealth requested the *nolle prosequi*, I would hold that the above-quoted principle espoused in *Brooks* nevertheless applies to the facts of this case. *Brooks* involved the arrest of the accused on a warrant followed by a preliminary hearing and the return of an indictment by the grand jury. Under the version of the statute then in effect, the speedy trial calculation began running from the time the "indictment [was] found [against the accused] and [he was] held in any court for trial, whether he be in custody or not." 210 Va. at 321, 171 S.E.2d at 245–46 (quoting former Code § 19.1–191). Before the accused was arraigned or tried on the first indictment, the Commonwealth sought and obtained a new indictment, based on the same events as the first indictment but containing different wording to remedy a perceived

defect in the offense charged in the first indictment.[2]   The Court held as follows:

> The second indictment was returned before the expiration of [the speedy trial statute] from the date of the first indictment.   The Commonwealth was not barred from obtaining another indictment which properly charged the offense of robbery.   When an original indictment is supplanted by a second indictment, the terms contemplated by the statute are to be counted from the time of the second indictment.

*Id.* at 322, 171 S.E.2d at 246 (footnote omitted).   Therefore, *Brooks* stands for the proposition that where a second prosecution is instituted *before* the speedy trial statute expires on the first prosecution, the statutory time period is to be counted from the time of the second prosecution.   *Compare id. with Clark v. Commonwealth,* 4 Va.App. 3, 5–7, 353 S.E.2d 790, 791–92 (1987) (where original charges have been dismissed for speedy trial violation, subsequent indictment for offense based on same act or transaction, such as conspiracy to commit the originally charged offenses, also violates speedy trial statute). Although the speedy trial statute has been recodified and amended since the decision in *Brooks,* we have recognized that those amendments do not alter the principles set forth in *Brooks.   See Presley v. Commonwealth,* 2 Va.App. 348, 351, 344 S.E.2d 195, 196 (1986);  *see also* 1995 Va. Acts chs. 37, 352; 1993 Va. Acts ch. 425;  1988 Va. Acts ch. 33.

In appellant's case, the speedy trial statute began to run on the original charge of the first-degree murder of Brock Lewis when the district court found probable cause at appellant's preliminary hearing.   As calculated from the preliminary hearing date of August 5, 1998, the speedy trial statute had not yet expired when the grand jury returned the new indictment on September 14, 1998, charging appellant with the more

---

**2.**   Although the Commonwealth had sought an indictment for robbery, the court held in the case of a codefendant whose indictment contained language similar to the accused's that the language charged grand larceny rather than robbery.   *See Brooks,* 210 Va. at 320, 171 S.E.2d at 245.

serious offense of capital murder of Brock Lewis based on the same alleged events. Under the rationale of *Brooks*, the new indictment for capital murder "supplanted" the finding of probable cause made by the district court; appellant's continued incarceration was based on the capital murder indictment rather than the indictment for the lesser offense of first-degree murder. Thus, the speedy trial statute began to run anew as of September 14, 1998, the date of issuance of the direct indictment for capital murder.[3] As a result, appellant's trial on the capital murder indictment, subsequently reduced to first-degree murder, occurred within the time required by Code § 19.2–243.[4]

---

**3.** To hold otherwise would be to elevate form over substance. A prosecutor could dispose of a still-timely indictment by *nolle prosequi* moments before obtaining a new, direct indictment for a similar offense, thereby starting the running of the speedy trial statute anew, whereas a prosecutor who effected the *nolle prosequi* of the original charge only after the second indictment or never effected the *nolle prosequi* would be required to count the speedy trial limit from the date of the original indictment or probable cause determination. Such a result would be anomalous.

**4.** Although appellant contends the Commonwealth's last minute *nolle prosequi* was an attempt to circumvent the speedy trial statute, the record contains no indication that the Commonwealth acted with "improper motives." *Presley*, 2 Va.App. at 351, 344 S.E.2d at 196–97; *see also Arnold*, 18 Va.App. at 222, 443 S.E.2d at 185–86 (where Commonwealth sought *nolle prosequi* due to "difficulty in securing the attendance of its witnesses and in an effort to preserve a serious criminal charge[,] ... [t]he record suggests no oppressiveness or unfair trial tactic" and, therefore, does not violate the speedy trial statute). Although appellant's conviction for second-degree murder based on the capital murder indictment may appear to have resulted in the circumvention of the speedy trial statute, nothing in the record indicates the Commonwealth acted with an improper motive when it sought the issuance of the capital murder indictment less than six weeks after the preliminary hearing on the related first-degree murder charge.

Further, a constitutional speedy trial claim, where properly preserved, remains available to prevent abuse by the Commonwealth. *Cf. Johnson v. Commonwealth*, 252 Va. 425, 429, 478 S.E.2d 539, 541 (1996) (constitutional provisions, not speedy trial statute, apply to assess length of delay preceding retrial following reversal on appeal); *Holliday v. Commonwealth*, 3 Va.App. 612, 615, 352 S.E.2d 362, 364 (1987) (constitutional provisions, not speedy trial statute, apply to

In sum, I join in Part III of the majority's opinion and in the majority's affirmance of the conviction for second-degree murder of Brock Lewis. However, I would hold that the conviction for second-degree murder of Willie Davis and the two related firearms convictions violated the speedy trial statute and, therefore, should be reversed and dismissed. Accordingly, I dissent from the portions of the opinion affirming these convictions and would find it unnecessary to reach the sentencing issue addressed in Part IV.

assess length of delay which occurs prior to original preliminary hearing or indictment).